UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LASERMARX, INC. d/b/a QUALITY ARCHERY
DESIGNS, INC.,

        Plaintiff,

   v.

Civil Action No.: 5:15-CV-1270
(FJS/ATB)

WEISSER DISTRIBUTING, INC., d/b/a Dakota
Sport and Supply, and/or DSS,

        Defendant.

**STIPULATION AND CONSENT TO FINAL JUDGMENT AND ORDER OF
PERMANENT INJUNCTION**

## CONSENT FINAL JUDGMENT AND ORDER OF PERMANENT INJUNCTION

**WHEREAS**, Plaintiff QAD Lasermarx, Inc. d/b/a Quality Archery Designs Inc. ("QAD"), by and through its attorneys, Barclay Damon LLP, brought this action against Defendant Weisser Distributing, Inc., d/b/a Dakota Sport and Supply, and/or DSS ("Weisser") alleging trademark infringement in violation of 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1125(a), (c), and (d), and substantially related claims under the laws of the State of New York; and

**WHEREAS**, QAD and Weisser (collectively the "Parties") now desire and intend to amicably settle, compromise, and resolve all of the claims, disagreements, disputes and demands between them and all entities or businesses that Weisser owns or controls in whole or in part, including "AutoBodyNow" a/k/a "ABN" and "TOOL DEALS" (collectively the "Weisser Companies") concerning this civil action and have entered into a contemporaneous settlement agreement (hereinafter "the Agreement") to do so; and

**THEREFORE**, upon consent of QAD and the Weisser Companies, and good cause appearing, it is hereby:

**ORDERED, ADJUDGED AND DECREED:**

1. That QAD and the Weisser Companies acknowledge that this Consent Final Judgment and Order of Permanent Injunction is intended to resolve all claims between them concerning this civil action. QAD and the Weisser Companies have entered into the Agreement freely and voluntarily and the terms of the Agreement are hereby incorporated into this Consent Final Judgment and Order of Permanent Injunction as if set forth fully herein.

2. That Weisser shall make such payment to QAD in such amount and in the manner as set forth in the Agreement.

3. That QAD and the Weisser Companies acknowledge that QAD is the sole owner of all right, title and interest in and to the trademark and all other intellectual property and proprietary rights in the Ultrarest archery arrow rest, including the trademark Ultrarest and along with various patents.

4. That QAD and the Weisser Companies acknowledge that the Ultrarest archery arrow rest and the trademark Ultrarest was created by, and is owned exclusively by, QAD, and that QAD's intellectual property rights in and to the Ultrarest archery arrow rest and the trademark Ultrarest are valid and enforceable.

5. QAD and the Weisser Companies acknowledge that QAD is now, and at the time of the acts alleged in the Complaint was, the sole and exclusive owner of the trademark Ultrarest, as partially evidenced by, but not limited to, U.S. Trademark Registration No. 4,698,169 (the "Trademark").

6. That the Weisser Companies, and those persons in active concert or participation with the Weisser Companies who receive actual notice of this Consent Final Judgment and Order of Permanent Injunction by personal service or otherwise, shall be and are hereby permanently enjoined and restrained from:

(a) infringing the Trademark;

(b) infringing QAD's other intellectual property rights associated with QAD's Ultrarest archery arrow rest, including its patent rights;

(c) manufacturing, reproducing, selling, and/or distributing the Infringing Products, as that term is defined in the Agreement, or any such similar infringing products;

(d) challenging QAD's ownership of or the validity of the Trademark and any other intellectual property right and/or proprietary right of QAD related to its Ultrarest archery arrow rest, or assisting and/or participating with others regarding such;

(e) engaging in acts of state or common law unfair competition and misappropriation of any other intellectual property and/or proprietary right of the QAD related to its Ultrarest archery arrow rest and/or the Trademark; and

(f) inducing, encouraging, instigating, abiding, abetting or contributing to any of the aforesaid acts by any other person.

7. That all Infringing Products that are in the possession, custody or control of the Weisser Companies, and all persons acting under the direction, control, permission or authority, or in concert or participation with any of them, be delivered for destruction to QAD's counsel at the address set forth in paragraph 11 of this Consent Final Judgment and Order of Permanent Injunction within the time limitations and the manner as set forth in the Agreement.

8. That each Party shall bear its own costs and attorneys' fees incurred in this action.

9. That Lee Pekoske, who by signature below represents that he is an attorney in good standing and admitted to practice law before the Courts of the State of South Dakota, among other jurisdictions, shall be and is hereby admitted *pro hac vice* and as counsel of record for Weisser for the purpose of the entry of this Consent Final Judgment and Order of Permanent Injunction and that the requirements under the Local Rules for the retention of local counsel shall

3

be and is hereby waived for the limited purpose of the entry of this Consent Final Judgment and Order of Permanent Injunction.

10. That the Parties each hereby consent to the personal jurisdiction of this Court for the purposes of this action, and that this Court shall retain exclusive jurisdiction over the Parties for the purposes of enforcement and modification of both this Consent Final Judgment and Order of Permanent Injunction and the Agreement.

11. That the Clerk of Court is directed to serve copies of this Consent Final Judgment and Order of Permanent Injunction on counsel set forth below and that such service shall be and is hereby deemed good and sufficient service on the Parties and the Parties' respective officers, agents, servants, employees and attorneys:

Michael A. Oropallo, Esq.
*Attorneys for QAD*
One Park Place
300 South State Street
Syracuse, New York 13202
E-mail: moropallo@barclaydamon.com
Telephone: (315) 425-2831

Lee Pekoske
General Counsel for Weisser Distributing
*Attorneys for Weisser*
3500 South 1st Avenue Circle # 201
Sioux Falls, SD 57105
E-mail: lee@weisserdistributing.com
Telephone: (888) 391-1293

12. That this document is a Final Judgment under Fed. R. Civ. P. 54 and a permanent injunction pursuant to Fed. R. Civ. P. 65 and the Court directs the Clerk of Court to enter same under Fed. R. Civ. P. 58.

DATED: February 24, 2016          **SO ORDERED,**

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

The Undersigned Hereby Consent to the
Form and Entry of the Foregoing Final Judgment:

BARCLAY DAMON LLP

By: _____
Michael A. Oropallo, Esq.
*Attorneys for QAD*
One Park Place
300 South State Street
Syracuse, New York 13202
E-mail: moropallo@barclaydamon.com
Telephone: (315) 425-2831

Dated: ~~January~~ February 8, 2016

LEE M. PEKOSKE, ESQ.

By: _____
Lee M. Pekoske, Esq.
*Attorneys for Weisser*
3500 South 1st Avenue Circle # 201
Sioux Falls, SD 57105
E-mail: lee@weisserdistributing.com
Telephone: (888) 391-1293

Dated: January 29, 2016

WEISSER DISTRIBUTING, INC.,
d/b/a DAKOTA SPORT and SUPPLY,
and/or DSS

By: _____
Robert L. Weisser, President

Dated: January 29, 2016

5